IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-cv-00010-D

| | |
|---|---|
| VIVIAN WADDELL, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) ) | **FIRST AMENDED CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |
| v. ) ) | |
| U.S. BANK HOME MORTGAGE, ) ) | |
| Defendant, ) | |

Plaintiff, VIVIAN WADDELL, on behalf of herself and all others similarly situated, allege breach of contract and violations of the North Carolina Debt Collection Act §§ 75-54(4), (6), (7) and 75-55(2) ("NCDCA"), and the North Carolina Unfair and Deceptive Trade Practices Act § 75-1.1 ("UDTPA") against U.S. BANK HOME MORTGAGE. ("Defendant" or "US Bank"). Plaintiff claims damages that are in excess of this Court's jurisdictional limit.

1. Borrowers in North Carolina struggle enough to make their regular mortgage payments without getting charged extra, illegal fees when they try to pay by automated phone system or online ("Pay-to-Pay fees"). Many borrowers pay by phone or online because it generates a receipt of the payment and a clear record. US Bank charges North Carolina homeowners an excessive $5.00 to $11.00 Pay-to-Pay fee for each online or pay-by-phone mortgage payment transaction. Within the last four years alone, US Bank collected at least $1,600,000.00 in Pay-to-pay fees from North Carolina residents in over a hundred thousand Pay-to-Pay transactions.

1

2. The actual cost for US Bank to process these Pay-to-Pay transactions is far less, likely less than $1.00, meaning US Bank pockets the difference as profit. US Bank deceptively conceals the true cost of these transactions from Plaintiff and North Carolina borrowers so that it may preserve its illegal profit center.

3. U.S. Bank services mortgages throughout the United States, including North Carolina. Despite its uniform contractual obligations to charge only fees explicitly allowed under the mortgage, US Bank leverages its position of power over homeowners and demands excessive and deceptive Pay-to-Pay fees. Even if some fee were allowed, the deed of trust uniform covenants allow US Bank to pass along only the actual cost of fees incurred by it to the borrower – here less than $1.00 per transaction. However, US Bank does not inform any of its borrowers that it is not entitled to collect Pay-to-Pay fees under their deeds of trust.

4. US Bank must be held accountable for its actions. US Bank violated the NCDCA and UDTPA by demanding excessive Pay-to-Pay fees, by deceptively concealing the true costs of the transactions, and breached its mortgage contract by charging fees not expressly allowed under the uniform contractual obligations contained in standard form deeds of trusts.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§1332(d), 1453. Defendant has conceded that all CAFA prerequisites are met. There are more than 100 persons in the proposed class; at least one Plaintiff in the putative class is diverse from one defendant; and the aggregate amount in controversy exceeds the sum or value of $5 million.

6. Venue is proper because this is where a substantial part of the events or omissions giving rise to the cause of action accrued: US Bank transacts and/or conducts business here, and it illegally attempts to collect debts within this venue. 28 U.S.C. §1391(b)(2).

## PARTIES

7. Plaintiff Vivian Waddell is a natural person residing in North Carolina who has a mortgage loan serviced by US Bank on her home located in Columbus County, North Carolina.

8. Defendant US Bank Home Mortgage is a corporate subsidiary of US Bancorp with a principal place of business at 1550 American Blvd East, Bloomington, MN 55425. Defendant is one of the nation's leading loan servicing companies.

## FACTUAL ALLEGATIONS

9. On or around August 27, 2001, Ms. Waddell purchased a home in Riegelwood, North Carolina through a loan from Firstar Bank, secured by a deed of trust on the property.

10. After the purchase, Ms. Waddell's loan became serviced by US Bank, who remains the current servicer today. Ms. Waddell's loan number is ######0723.

11. Throughout the term of the mortgage, Ms. Waddell made monthly mortgage payments through the automated pay-by-phone system, using her bank account's debit card. US Bank has charged Ms. Waddell $11.00 each time she made her monthly mortgage payments on 6/15/18 and 8/30/18. These dates are not an exhaustive list of all Pay-to-pay fees, but only the two most recent Pay-to-Pay Transaction fees charged to Ms. Waddell. These fees are not authorized by her Deed of Trust.

12. It is commonplace in the mortgage servicing industry for the loan servicer to contract with a third party, such as Western Union, to process all of its online and automated

3

phone payment transactions ("Pay-to-Pay Transactions"). A typical contract for such charges depends on the monthly volume of Pay-to-Pay Transactions processed by the third party.

13. In North Carolina, US Bank processed at least $1,600,000.00 worth of transactions costing consumers between $5 and $11 each. There are over a hundred thousand transactions in the last four years. Given the volume of Pay-to-Pay Transactions in North Carolina alone, the actual cost that US Bank to process Pay-to-Pay Transactions is likely far less than $1.00 per transaction.

14. US Bank concealed the true cost of these transactions from Plaintiff, and thereby made false and deceptive representations to her.

15. US Bank concealed the fact that the Pay-to-pay fees were not expressly authorized by Plaintiff's deed of trust.

16. Due to US Bank's concealment, Plaintiff did not have full knowledge of the facts regarding the fees she paid.

17. Ms. Waddell's Deed of Trust is enclosed as Exhibit A.

18. US Banks's demand for payment of Pay-to-Pay fees were a direct breach of Paragraph 1 of the Deed of Trust, which only obligates the borrower for payment of principal, interest, and "any prepayment or late charges due…" Ms. Waddell's debt obligation does not include Pay-to-Pay transaction fees.

19. Additionally, to the extent that any Pay-to-Pay fee may be construed as the servicer protected the lender's interest in the property, paragraph 7 in the uniform covenants of Ms. Waddell's Deed of Trust entitled: "Protection of Lender's Interest in the Property and Rights Under This Security Instrument" section, states that only "amounts *disbursed* by Lender under

4

this paragraph 7 shall become additional debt of the Borrower..." *See* Exhibit A, ¶7 (emphasis added).

20. US Bank's demand for payment of Pay-to-Pay fees was also a direct breach of Paragraph 2 of Ms. Waddell's Deed of Trust, paragraph 3, a uniform covenant stating that "Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2 (Taxes & Insurance); third to interest due; fourth, to principal due; and last, to any late charges due under the Note." *See* Exhibit A, ¶3. Nowhere does the Deed of Trust allow US Bank to collect an extra amount to apply it to a Pay-to-Pay transaction fee.

21. Because the provisions of the Deed of Trust paragraphs 1, 2, and 7 are contained in the "Uniform Covenants" sections, US Bank has breached this contract on a class-wide basis.

22. On November 2, 2018, Ms. Waddell sent a letter to US Bank demanding that US Bank cure its breaches of contract and statutory violations on behalf of herself and others similarly situated. The letter requested US Bank respond to the demand by November 16, 2018, but US Bank did not respond.

23. Prior to filing this action, Ms. Waddell gave US Bank an opportunity to cure its breaches of contract and statutory violations, but US Bank failed to do so.

**CLASS REPRESENTATION ALLEGATIONS**

24. Plaintiff VIVIAN WADDELL bring this action under Fed. Civ. P. Rule 23 on behalf of the following class of persons (the "Class"), subject to modification after discovery and case development:

> All persons with a North Carolina address to whom US Bank and its agents charged, collected, or attempted to collect fees for the use of debit card or debit automatic clearing house ("ACH") mortgage payments during the applicable statutes of limitations for Plaintiff's claims through the date a class is certified.

5

25. Class members are identifiable through Defendant's records and payment databases.

26. Excluded from the classes are the Defendant; any entities in which it has a controlling interest; its agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

27. Plaintiff proposes that she serve as class representatives.

28. Plaintiff and the Class have all been harmed by the actions of Defendant.

29. Numerosity is satisfied because there are thousands of class members. Individual joinder of these persons is impracticable.

30. There are questions of law and fact common to Plaintiff and to the Class, including, but not limited to:

   a. Whether US Bank violated the NCDCA by charging Pay-to-Pay fees not due;

   b. Whether US Bank violated the NCDCA by making false, deceptive, or misleading representations regarding the Pay-to-Pay fees;

   c. Whether US Bank violated the UDTPA by charging Pay-to-Pay fees not due;

   d. Whether US Bank breached the uniform covenants in its Deeds of Trust with Plaintiff and the Class by charging Pay-to-Pay fees not due;

   e. Whether US Bank violated any applicable servicing guidelines, such as Fannie Mae Servicing Guidelines, as a sub-servicer by charging Pay-to-Pay fees;

   f. Whether US Bank's cost of the Pay-to-Pay transactions under its contract with any third-party payment processor is less than the amount it charged for Pay-to-Pay fees;

      g. Whether Plaintiff and class members are entitled to actual and/or statutory damages as a result of Defendant's actions; and

      h. Whether Plaintiff and the Class are entitled to attorney's fees and costs.

31. Plaintiff's claims are typical of the claims of class members. US Bank charged the Plaintiff for Pay-to-Pay fees in the same manner as the class members. US Bank entered into a contract with a third party to process the Plaintiff's and class members' Pay-to-Pay Transactions. Plaintiff and class members entered into uniform covenants in their Deeds of Trust that prohibit Pay-to-Pay fees. Alternatively, if US Bank is allowed under the uniform covenants of the Deeds of Trust to charge Pay-to-Pay fees, such amount is capped for Plaintiff and class members to the actual costs to US Bank for processing third the Pay-to-Pay Transactions, either on its own or through a third party.

32. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the class members and she will fairly and adequately protect the interests of the class members. Plaintiff has taken actions before filing this amended complaint, by hiring skilled and experienced counsel, and by making a pre-suit demand on behalf of class members to protect the interests of the class.

33. Plaintiff has hired counsel that is skilled and experienced in class actions and are adequate class counsel capable of protecting the interests of the class members.

34. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

35. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

## COUNT I AS TO US BANK'S VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT §§ 75-54, -55

36. Ms. Waddell is a "consumer" as defined by N.C. Gen. Stat. § 75-50(1) when she purchased her home for household use and incurred a debt in doing so.

37. Defendant is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3) as "any person engaging, directly or indirectly, in debt collection from a consumer."

38. Defendant collected or attempted to collect a debt by fraudulent, deceptive, or misleading representations in violation of N.C. Gen. Stat § 75-54, and particularly N.C. Gen. Stat § 75-54(4), -(6), -(7), when it deceptively concealed the true costs of the transactions from Plaintiff.

39. Defendant collected a fee incidental to the principal debt that it was not legally entitled to charge, which is a collection by unconscionable means under N.C. Gen. Stat. § 75-55, when US Bank charged, attempted to collect, and collected Pay-to-Pay Transaction charges from Ms. Waddell. *Id.* § 75-55(2).

40. As a result of Defendant's NCDCA violations, Ms. Waddell suffered substantial damage, including but not limited to financial damage incurred from Defendant's illegal Pay-to-Pay fees.

## COUNT II AS TO US BANK'S VIOLATION OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT §75-1.1

41. Defendant engaged in "commerce" as defined by N.C. Gen. Stat. § 75-1.1 when it attempted to collect, and collected, a debt associated with mortgage payments.

42. Defendant generally violated the NC UDTPA under N.C. Gen. Stat. § 75-1.1 when it engaged in unfair and deceptive practices in trade or commerce by taking advantage of consumers in claiming and collecting amounts not owed.

43. Defendant never informed Ms. Waddell when she made her payments by the automated phone process that the actual cost to Defendant for the Pay-to-Pay fee was far less than the amount charged to Ms. Waddell.

44. Defendant never informed Ms. Waddell when she made her payments by the automated phone process that the collection of the Pay-to-Pay fee was not allowed under her Deed of Trust.

45. As a result of Defendant's NC UDPTA violations, Ms. Waddell suffered substantial damage, including but not limited to financial damage incurred from Defendant's unlawful Pay-to-Pay fees.

## COUNT III AS TO US BANK'S BREACH OF CONTRACT

46. On August 27, 2001, Firstar Bank entered into a Deed of Trust with Ms. Waddell.

47. When US Bank became the servicer (or sub-servicer) of Ms. Waddell's loan, it became a party to the Deed of Trust with Ms. Waddell. Thus, US Bank entered into an agreement with Ms. Waddell whereby money was lent to Ms. Waddell to purchase property in exchange for certain payment over time.

48. Defendant's Uniform Covenants in its Deed of Trust required only payment of interest, principal, taxes, insurance, prepayment fees and late fees. *See* Ex. A. ¶¶1, 2. Unless applicable law provided otherwise, all payments received by US Bank could only be applied to interest, principal, taxes, insurance, prepayment fees and late fees. *See id.* ¶3.

49. To the extent Defendant was allowed to charge fees to protect the lender's rights in the property, such amounts are limited only to those amounts *disbursed*.

9

50. Defendant breached its contract with Ms. Waddell when it charged her the monthly Pay-to-Pay Transaction fees for debit card payments not agreed to in its Deed of Trust and not allowed under applicable law.

51. Alternatively, Defendant breached its contracts with Ms. Waddell when it charged Pay-to-Pay Transaction fees not agreed to in its Deed of Trust, and in excess of the amounts actually disbursed by Defendant to pay for the cost of the Pay-to-Pay Transactions.

52. Ms. Waddell has been harmed by this breach.

## RELIEF REQUESTED

WHEREFORE. Plaintiffs VIVIAN WADDELL, herself and on behalf of the Class, respectfully requests this Court to enter judgment against Defendant for all of the following:

a. A jury trial on all issues of fact and damages;

b. That Plaintiff and all class members be awarded actual damages, including but not limited to forgiveness of all amounts not owed;

c. That Plaintiff and all class members be awarded statutory damages;

d. That Plaintiff and all class members be awarded treble damages;

e. That Plaintiff and all class members be awarded costs and attorney's fees;

f. That the Court enter an order that Defendant and its agents, or anyone acting on its behalf, are immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

g. That the Court certify Plaintiff's claims and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure; and

h. Such other and further relief as the Court may deem just and proper.

Dated: March 7, 2019                                   Respectfully Submitted,


                                                       /s/ *W. Stacy Miller*
                                                       W. Stacy Miller II, Esq.
                                                       MILLER LAW GROUP, PLLC
                                                       555 Fayetteville St., Suite 201
                                                       Raliegh, NC 27602
                                                       Stacy@MillerLawGroupNC.com
                                                       Office: 919-348-4361
                                                       Fax: 919-729-2953

                                                       Benjamin M. Sheridan (52734)
                                                       Klein & Sheridan, LC
                                                       3566 Teays Valley Road
                                                       Hurricane, WV 25526
                                                       Phone: (304) 562-7111
                                                       Fax: (304) 562-7115
                                                       bsheridan@kswvlaw.com

                                                       James L. Kauffman (pro hac vice)
                                                       1054 31st Street, Suite 230
                                                       Washington, DC 20007
                                                       Telephone: (202) 463-2101
                                                       Facsimile: (202) 463-2103
                                                       Email: jkauffman@baileyglasser.com

                                                       *Counsel for Plaintiff and the Putative Class*